■ Marie Lee et al., Plaintiffs, v. William Bennett, Defendant and Third-Party Plaintiff-Respondent. North Shore-Flushing, Inc., Third-Party Defendant-Appellant.— Order, entered November 27, 1967, denying motion of third-party defendant to dismiss the third-party complaint, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and the motion granted. In an automobile liability action by plaintiffs-guests and their spouses, the question presented is the sufficiency of the third-party complaint of the defendant-owner-operator of the automobile. The primary complaint alleges the plaintiffs-passengers sustained personal injuries by reason of defendant's

negligence in the operation of the vehicle. The third-party complaint alleges the third-party defendant originally sold the automobile to the third-party plaintiff and thereafter repaired it. In addition, it alleges that if plaintiffs-guests sustained the alleged injuries, it was because of latent defects in the automobile and the failure of the third-party defendant to adequately inspect and repair the vehicle. If plaintiffs establish negligence in the operation of the automobile, defendant's active (primary) negligence precludes a claim over against the third-party defendant. Plaintiffs are also required to establish active (primary) negligence of the defendant in order to predicate liability for a mechanical defect thereof. The plaintiffs-guests took the automobile in its then condition. The defendant may not be held liable for its alleged defective condition unless it is established that he had actual knowledge of it and failed to warn the passengers, proof of which would establish active (primary) negligence on the part of defendant. (*Higgins* v. *Mason,* 255 N. Y. 104; *Singleton* v. *Bishop,* 19 A D 2d 595.) The active (primary) negligence required to sustain the complaint precludes any basis for the third-party complaint. (*Singleton* v. *Bishop, supra.*) The third-party plaintiff's reliance on *Alfano* v. *Amchir* (23 A D 2d 659) is misplaced. It appears from the record on appeal in *Alfano* that it was not a guest case; it was an action arising out of a collision between the owner of one vehicle and the owner and operator of another vehicle. There the third-party complaint was sustained since it was grounded on the defendant's omission to inspect the brakes, a duty owing to the plaintiff, not a guest of the defendant. The *Alfano* defendant owner's failure to inspect the brakes was passive (secondary) negligence in the light of the third-party defendant's primary duty to repair them. Concur — Stevens, J. P., Steuer, Capozzoli, Rabin and McNally, JJ.